■ In the Matter of the Claim of BERTHA SHOTKIN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeals by the Industrial Commissioner from a decision of the Unemployment Insurance Appeals Board which affirmed the decision of an Unemployment Insurance Referee, overruling an initial determination by the Industrial Commissioner, disqualifying the claimant from receiving benefits on the ground that she had, without just cause, refused employment for which she was reasonably fitted by training and experience. The facts appear in our memorandum decision on an appeal (4 A D 2d 924) from an earlier board decision which held that the claimant had good cause to refuse an offer of employment as an assistant bookkeeper at $65 per week since, on the basis of her training and experience, she was

entitled to classification as an accounting clerk, senior, the prevailing wage for which the board found to be $76.50 to $80 per week. We held that the "position of assistant bookkeeper tendered to the claimant was not unreasonably remote from the highest position for which her training and experience fitted her"; that the board should have received certain additional proof offered by the Industrial Commissioner on the question of the proper job classification; and we thereupon reversed the decision and remitted the matter to the board for further proceedings. Upon remittal, additional proof was taken upon which the board found that claimant "should be classified as a clerk, accounting, class A (public utility)" for which the prevailing wage was found to be $76.50. This classification was of a grade lower than the classification of "accounting clerk, senior" to which the board's previous decision had assigned her. The decision now appealed from overruled the initial determination of disqualification from benefits on the ground that the $65 salary offered "was substantially less than the prevailing rate." Clearly the board intended to quote the statute but there the prevailing rate referred to is that of "the wages * * * offered", that is, in the *new* position; and a claimant may properly refuse if the wages are "substantially less favorable * * * than those prevailing for similar work in the locality". (Labor Law, § 593, subd. 2, par. [d].) The board seems to have reached the conclusion that the wages for the position offered were less than those prevailing for similar work on grounds which seem to us tenuous at best. First, it cites and finds "significant" certain testimony that the classifications of assistant bookkeeper and of clerk, accounting, class A (without the addition "[public utility]") are "comparable" and then refers to a Federal survey indicating earnings in the latter position of $76.50 *in public utility establishments,* while ignoring the fact that the same survey indicated a prevailing wage of $66.50 for Class A accounting clerks in service institutions (such as the hospital in which the disputed position was offered) and an average of $69.50 for such clerks generally. While claimant had indeed been employed by a utility and had been paid $73, certainly in a case such as this, involving work of a nature utilized in all industries, the determination of prevailing rate under subdivision "(d)" is not to be reached upon the application of so narrow a test as that afforded by a particular industry; absent proof of some unusual or exceptional factor or condition. Our conclusion on the prior appeal that the position tendered claimant "was not unreasonably remote from the highest position for which her training and experience fitted her" applies with even greater force to the slightly downgraded classification found by the present board decision; and is fortified, rather than the contrary, by the testimony cited by the board to the effect that the positions are "comparable". We find no substantial evidence supportive of the decision. Decision reversed and the initial determination of the Industrial Commissioner reinstated, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.